S. G. RAMSEY *et al.*, Respondents, v. THE PHILADEL-PHIA UNDERWRITERS ASSOCIATION *et al.*, Appellants.

St. Louis Court of Appeals, May 18, 1897.

1. **Insurance, Fire**: VALUE OF PROPERTY: PETITION. In a suit on a policy of fire insurance for the loss of a stock of goods, the petition must allege the value of the goods at the time of their destruction. *Story v. Ins. Co.*, 61 Mo. App. 534.

2. ———: SETTLEMENT OF LOSS BY ADJUSTER. It is the business of an adjusting agent to ascertain and agree on a settlement of a loss with the assured, as held by this court in *McCollum v. Ins. Co.*, 67 Mo. App. 66, and reaffirmed in *Bowen v. Ins. Co.*, 69 *Id.* 272.

3. ———: VEXATIOUS REFUSAL TO PAY LOSS: INSTRUCTION. An instruction to the jury that if they found that defendant had vexatiously refused to pay the amount agreed on, they might assess damages against defendant to the amount of ten per cent of whatever they might find defendant, by its agent, agreed to pay plaintiff, was technically inaccurate in failing to tell the jury that such damages might be for a less sum.

4. ———: CLAUSE IN POLICY LIMITING INSURANCE: CONSTRUCTION. A condition in a policy of insurance limiting the total insurance to three fourths of the cash value of the property insured, is a reasonable and material condition, when applied to a valued policy; but when found in an open policy on a stock of goods should not be enforced.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED.

*Fyke, Yates & Fyke* for appellants.

There is no allegation in the petition as to the value of the goods destroyed, or of the amount of dam-

age sustained by plaintiffs. Nor is there any allegation that the adjuster had no authority to bind defendant. These allegations were necessary. *Story v. Ins. Co.*, 61 Mo. App. 534, 537; *House Furnishing Co. v. Wallace*, 21 *Id.* 128; *Williams v. Edwards*, 94 Mo. 447, 451.

The insurance exceeded the value of the stock, and under the plain terms of the policy it was void. The adjuster had no implied power to waive this provision, and no actual power was shown. Rich. on Ins. [2 Ed.], p. 102, sec. 97; *Wood v. Ins. Co.*, 116 N. Y. 106; *Marvin v. Ins. Co.*, 85 *Id.* 278.

No question of waiver is raised by the pleadings, nor was such question submitted to the jury. But even if such question had been raised, and it had been shown that the adjuster had authority to act for defendant, his adjustment of the loss would not preclude defendant from relying upon the defense of over-insurance. *Colonius v. Ins. Co.*, 3 Mo. App. 56.

No brief filed for respondent.

BIGGS, J.—This is a suit upon a policy of fire insurance by which the defendants insured plaintiff's stock of goods in the sum of $1,000. During the life of the policy, to wit, on July 9, 1895, all of the goods were burned. In addition to the usual averments the petition alleges that in pursuance of notice and proofs of loss the defendants sent their adjuster for the purpose of adjusting and settling the loss, and that the adjuster and plaintiffs agreed that the amount of the liability of the defendants under its policy was $342.21, which amount the adjuster promised that the defendants would pay. The policy contained the following conditions, to wit: "It is part of the consideration of this policy and the basis upon which the rate of premium

is fixed, that, in the event of loss, this company shall not be liable for an amount exceeding three fourths of the actual cash value of the property covered by this policy at the time of such loss, and in case of other insurance, whether policies are concurrent or not, then for only its *pro rata* proportion of such three fourths value." The policy also contained this provision: "Total insurance permitted is hereby limited to three fourths of the actual value of the property hereby covered, and to be concurrent herewith." In addition to a general denial the answer contained the charge that the plaintiffs had violated the last mentioned condition by securing other insurance to the amount of $2,000, making the total insurance $3,000, the latter amount being largely in excess of three fourths of the value of the stock at the date of the fire. The evidence introduced by plaintiffs tended to prove their cause of action as stated. It was developed at the trial that the plaintiffs had $2,000 additional insurance on the goods; that the defendants' adjusting agent met the plaintiffs and the agents of the other companies for the purpose of adjusting the loss; that the loss was adjusted and agreed on for one third of which (to wit, $342.21) the defendants' agent agreed that they were liable, and which amount he then promised they would pay. The evidence also disclosed that the cash value of the property was much less than the total amount of the insurance. There was a verdict and judgment for the plaintiffs for $342.21 with interest, and also ten per cent damages for failure and refusal to pay the loss. The defendants have appealed.

At the commencement of the trial the defendants objected to the introduction of any evidence, for the reason that the petition failed to state a cause of action. The specific objection to the petition is that it fails to allege the

FIRE insurance: value of property: petition.

value of the goods at the time of their destruction. This objection should have been sustained. It has been decided by us that such an averment is essential in a suit on a policy of fire insurance. *Story v. Insurance Company*, 61 Mo. App. 534.

Objection was made to the introduction of evidence as to the agreements or contracts of the adjusting agent of the defendants, upon the ground that there was no affirmative evidence that the SETTLEMENT of loss by adjuster had authority to bind the defendants. We have decided in *McCollum v. Insurance Company*, 67 Mo. App. 66, that the business of an adjusting agent is to ascertain the loss and *agree with the assured on a settlement*. The same principle is declared and enforced in the more recent case of *Bowen v. Ins. Co.*, 69 Mo. App. 272. This also answers the objection made by defendants to the first instruction given for plaintiffs, to the effect that it did not require the jury to find that in making the adjustment Davenport had authority to bind the defendants. The instruction told the jury in effect, that if Davenport was the adjusting agent of the defendants, and that he adjusted the loss and agreed to pay plaintiffs the sum of $342, then the plaintiffs were entitled to a judgment for that amount with interest added.

The defendants also complain of the following instruction: "The court further instructs you that if you find that the defendants vexatiously VEXATIOUS refusal to pay loss: instruction. refused to pay the amount agreed on you may assess damages against the defendants to the amount of ten per cent of whatever you may find defendants by their agents agreed to pay plaintiffs." This instruction is technically inaccurate in that it failed to inform the jury that such damages might be for a less sum. The statute authorizing the instruction is in substance that if an insurance com-

pany vexatiously refuses to pay a loss, the court or jury may, in addition to the amount of the loss, allow plaintiff damages not *exceeding* ten per cent of the loss. R. S. 1889, sec. 5927.

The defendants asked the following instruction: "The court instructs the jury that if you find from the evidence that plaintiff's insurance was three CLAUSE in policy thousand dollars and that the said insur-
limiting in-
surance: con- ance exceeded three fourths of the value of
struction. their goods in the insured premises, they are not entitled to recover." The court refused to give the instruction, and the defendants excepted. This instruction presents the special defense relied on by defendants. The policy limited the total insurance to three fourths of the cash value of the stock. This condition is in the nature of a promissory warranty, and if the general rule construing and governing warranties in policies of insurance is to be applied, the instruction ought to have been given, as there was evidence tending to prove the violation of the condition. But ought such a condition be enforced when found in an open policy on a stock of goods? We think not. When applied to a valued policy, it is a reasonable and material condition. The reason for its observance is obvious. But when the amount of the loss is to be determined or limited by the cash value of the property at the time it is destroyed, then the condition becomes immaterial. The insurer could not possibly be prejudiced by its nonobservance. We are aware that the courts have generally enforced warranties regardless of their apparent immateriality, but there ought in reason to be some limit to this. Especially ought the exception we contend for be applied to open policies on stocks of goods. There is necessarily great fluctuation in the value of such property as sales are constantly being made and new stock added. The

observance of such a condition would require the mer-
chant to limit his insurance to three fourths of the
value of his stock in its depleted condition. The un-
reasonableness of this is obvious. It would deprive
him of the right to secure full indemnity at a time
when he most needed it. As to such policies, it has
been held that overvaluations are immaterial, where
the value of the goods at the time of their destruction
is made the criterion in determining the amount of the
loss. *Lee v. Ins. Co.*, 11 Cush. (Mass.) 324; *Aurora
Ins. Co. v. Johnson*, 46 Ind. 315.

For the errors pointed out the judgment will be
reversed and the cause remanded. All concur.