## SPRINGFIELD FIRE & MARINE INS. CO. v. DICKEY.

## PHOENIX INS. CO. v. SAME.

No. 8827—Opinion Filed April 9, 1918.

Rehearing Denied Sept. 5, 1918.

(174 Pac. 235.)

### 1. Insurance—Fire Insurance—Rider.

A rider indorsed on a statutory standard form of fire insurance policy providing: "In consideration of the rate of premium at which this policy is written, it is a condition of this insurance, that in event of loss or damage by fire to the property described herein, this company shall not be liable for an amount greater than three-fourths of the cash value of each item of the same (not exceeding the amount of said policy) at the time immediately preceding such loss or damage; and in the event of other insurance on the property described herein, then this company shall be liable only for its proportion of three-fourths of such cash value at the time of the fire. Other concurrent insurance permitted, but to' insurance shall at no time exceed three-fourths of the cash value of each item of the property described herein"—is within the contemplation of the statute permitting the standard form to be added to or modified and prevails over those provisions in the standard form that are in conflict with its provisions.

### 2. Insurance—Fire Insurance—Overinsurance—Forfeiture.

Where a clause in a statutory standard fire insurance policy prohibiting other contracts of insurance and providing for its forfeiture in case of a violation has been modified by a clause permitting other insurance not to exceed three-fourths the value of each item of the property insured and not providing for a foreiture in case of overinsurance, and it further provides that the insurer shall not be liable for more than its proportion of three-fourths the value of the property at the time of loss, held that, in the absence of a specific provision in the policy to that effect, overinsurance does not work a forfeiture of the policy.

(Syllabus by Springer, C.)

Error from District Court, Bryan County.; Jesse M. Hatchett, Judge.

Suits by R. P. Dickey, trustee in bankruptcy of the estate of Stephens Bros., and Stewart, bankrupts, against the Springfield Fire & Marine Insurance Company and the Phoenix Insurance Company. Causes consolidated and judgment rendered for plaintiff, motion for new trial overruled, and defendants bring error. Affirmed.

Scothorn & McRill, for plaintiffs in error.

Hatchett & Ferguson, Hayes & McIntosh, and Utterback & MacDonald, for defendant in error.

Opinion by SPRINGER, C. For convenience the plaintiff in error will be referred to in this opinion as the insurer, and the defendant in error will be referred to as the insured. The insured instituted several suits in the district court of Bryan county, Okla., upon the various fire insurance policies below: Policy issued by Phoenix Insurance Company, dated March 4, 1912, for the sum of $4,000, $500 of which was insurance on store and office fixtures. Policy of Springfield Fire & Marine Insurance Company, dated March 4, 1912, for the sum of $4,000, $500 of which was on the store and office fixtures. Policy issued by the Liverpool & London & Globe Insurance Company, dated December 2, 1912, for the sum of $5,000. Policy issued by the Home Insurance Company, dated July 5, 1912, for the sum of $3,500. Each of the policies ran for a period of one year from the date of their respective issue. These several policies of insurance were issued upon a stock of merchandise and a store building and office fixtures. The several causes of atcion were consolidated and tried in the court below, and judgment was rendered in favor of the insured in two cases and in favor of the insurers in the other two cases, and an appeal was taken to this court, and in 1916 Commissioner Collier of this court rendered an opinion affirming the judgment in the two companion cases against the insurers

and reversed the judgment of the lower court in the two cases that are now before us, and remanded them for a new trial. These cases were consolidated in the lower court and trial had on the 7th day of July, 1916, and judgment rendered in favor of the insured. In due time a motion for a new trial was filed and presented to the court, which was overruled and denied and exceptions saved, and time given within which to make and serve a case-made, and the same is now properly before this court for review. The two cases will be consolidated in this opinion.

The question presented by this appeal is somewhat unique, as well as a very interesting one. Does a rider attached to a standard statutory fire insurance policy, commonly known as a three-fourths value clause, permitting concurrent insurance, prevail over a provision in the policy against other insurance and consequently completely nullify it?

Revised Laws 1910, § 3482, sets forth the standard form of fire insurance policy, and in it is contained this provision:

"This entire policy, unless otherwise provided by agreement indorsed thereon or added hereto, shall be void if insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not on property covered * * * by this policy."

The policies in the suit here contain the above provision. Onto the policies in suit here was indorsed a rider containing the following provision:

"In consideration of the rate of premium at which this policy is written, it is a condition of this insurance, that in event of loss or damage by fire to the property described herein, this company shall not be liable for an amount greater than three-fourths of the cash value of each item of the same—not exceeding the amount of said policy—at the time immediately preceding such loss or damage; and in the event of other insurance on the property described herein, then this company shall be liable only for its proportion of three-fourths of such cash value at the time of the fire. Other concurrent insurance permitted, but total insurance shall at no time exceed three-fourths of the cash value of each item of the property described herein."

Section 3481, Rev. Laws 1910, in part, provides:

"No fire insurance company shall issue fire insurance policies on property in this state other than those of standard form herein set forth, except as follows: * * * (6) A company may write upon the margin or across the face of the policy, or write

or print, in type not smaller than six-point, upon separate slips or riders to be attached thereto, provisions adding to or modifying those contained in the standard form, and all such slips, riders, and provisions must be signed by the officers or agent of the company so using them."

On the trial of the case the court found the sound value of the stock of goods to be $10 275, and there was upon this item alone insurance amounting to the sum of $15,500, or excessive insurance to the amount of more than 50 per cent.

In suits at law involving fire insurance policies, there are two well-recognized lines of authorities.

Where a fire insurance policy is issued on property that has a fixed and determined value, courts generally recognize that overinsurance avoids a policy. The reason for such a provision in an insurance policy, and also its legal enforcement by the courts, is for the purpose of diminishing the risk of incendiary fires and losses due to carelessness and negligence. If the property is greatly overvalued or if overinsurance is taken out on property that has a fixed and determined value, where the policy provides against overinsurance, and further provides that the policy shall be void if insurance contracts in excess of a stipulated amount are entered into, the courts have uniformly held that overinsurance avoids the policy.

"A prohibition in an insurance contract against concurrent insurance on the property covered beyond a designated limit is enforced. 2 May, Insurance (4th Ed.) § 364; Barnard v. Insurance Co., 27 Mo. App. 26. * * *

"If the property is largely overvalued in taking out a policy which provides for other insurance not to exceed a named percentage of its value, it is plain the way is open to obtain insurance beyond the limit which the first policy contemplated, thereby violating the spirit of that contract. If this is intentionally done, or done to a considerable degree, whether intentionally or not, generally speaking, in the absence of legislation to the contrary, it avoids the insurance if the property is of a permanent character and expected to remain intact during the life of the policy. 2 May, Insurance, § 373 et seq., and citations." Burge Bros. v. Greenwich Ins. Co., 106 Mo. App. 244, 80 S. W. 342.

But courts and text-writers have generally recognized a different rule with reference to insurance policies that are issued upon a property that has a fluctuating value. A stock of merchandise which is constantly changing in value by adding to and selling therefrom furnishes an exception to the

rule. An insurance policy or several insurance policies covering a stock of merchandise may be entirely adequate at the time they are issued, and by the addition of a large invoice subsequent thereto may be wholly insufficient for proper protection, and in that event the insured would not be justified in hazarding a loss by failure to take out concurrent insurance on the same stock of merchandise on the theory that the constantly diminishing stock would render over-insurance several days later.

Another very good reason why overinsurance on a stock of merchandise should not work a forfeiture of the policies is the potent fact that the insurer cannot be held liable under the provisions of a policy like the one in dispute here for an amount greater than its proportion of three-fourths the value of the stock of merchandise at the time of the loss. We fail to see how the insurer was in any way prejudiced by overinsurance in this case.

The sound value of the stock fixed the liability of the insurer, and the insured had before him constantly his unvarying proportion of the risk.

In discussing this very interesting question, May on Insurance said:

"But the rule as to overvaluation is not applicable to the case of an open policy upon a stock of goods which is constantly varying in amount, nor where the insurer is to be liable only for a proportion of the loss. * * * So if the insurer is in no case to be responsible beyond a certain fixed proportion, as for instance, two-thirds of the loss, the insured has always before him the same unvarying proportion of the risk, and the usual objections to overvaluation do not obtain." 2 May on Ins. (4th Ed.) § 374.

"Instances of insurance on fluctuating stock of merchandise are akin in principle to those in which renewals of insurance on the same property occur, and meanwhile depreciation in value takes place. Neither fraud nor forfeiture is a necessary concomitant of an affair of that sort. May, § 375; Ramsey v. Insurance Co., 71 Mo. App. 380. * * *" Burge Bros. v. Insurance Co., supra.

This question was presented to the Supreme Court of the State of Missouri upon an insurance policy containing the exact language as that in the policy before us.

"In consideration of the rate of premium at which this policy is written it is a condition of insurance that in the event of loss or damage by fire to the property insured, this company shall not be liable for an amount greater than three-fourths of the cash market value of each item of the same, not exceeding the amount of said policy at the time immediately preceding such loss or damage; and in the event of other insurance on the property insured, then this company shall be liable only for its proportion of three-fourths of such cash market value at the time. . . .

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure other contracts of insurance, whether valid or not, on the property covered in whole or in part by this policy, to which is this addition only, viz.: Other concurrent insurance permitted but same shall at no time exceed three-fourths of the cash value of each item of the property hereby covered." Burge Bros. v. Insurance Co., supra.

The provisions in the Missouri policy differ from the provisions in the policy before us, in this particular, that there is a plain and positive provision that the policy should be rendered void in case of a violation of its terms by the insured, while the policy before us contains no such provision.

In passing on the assignment of error based on the refusal of a requested instruction, the court said:

"While the stipulations might be material in case of a valued policy, they were not so in the particular case, as the amount to be paid, if the merchandise burned, was limited by the cash value of the property when the fire occurred. The other decisions we have cited are noticed in the opinion, with the statement that they held overvaluation to be immaterial where the value of the goods at the time of their destruction was made the criterion of the indemnity to be paid." Burge Bros. v. Insurance Co., supra.

And again in the same opinion it is said:

"In the present case we have to deal with a contract of insurance on a stock of merchandise, which, according to the usual course of business, would be changing and its value fluctuating incessantly, as must have been expected. The question is whether the limitation in this contract against insurance in excess of three-fourths of the value of the stock bound the proprietors never to let their insurance on the stock exceed three-fourths of its value, under penalty of forfeiting their right to indemnity if a loss occurred. The extreme inconvenience, not to say impossibility, of observing such a requirement, is at once apparent, and courts and text-writers have declared the rule against overinsurance is not applicable to contracts covering commodities kept for sale, or, at least, is not so rigidly enforced."

And again in the same opinion the court said:

"A stipulation against overinsurance of merchandise is immaterial to the risk, for the reason that the indemnity to be paid is limited' by the cash value of the stock when the loss occurs; an argument not perfectly convincing, but accepted by the courts, and the law declared accordingly."

The language, "unless otherwise provided by agreement indorsed hereon or added hereto," contained in a statutory standard fire insurance policy, clearly recognizes the right to make other agreements, provided they are indorsed on the policy, and. section 3481, Rev. Laws 1910, supra, expressly confers the right to attach riders or slips containing provisions adding to or modifying those contained in standard form, and we are here to determine just what is meant by the provisions of our statute which grants the authority to add to or modify the conditions contained in the statutory form. At the time of the adoption of the statute under consideration here, it is clear to us the Legislature had in view the passage of an act sufficiently broad to meet the exigencies of the instant case. It was cognizant of the fact that certain classes of property constantly fluctuate and change in value, and, in order to afford adequate protection to the owners of such property, it made provisions for the modification of the standard form. It is elementary that all parts of the policy are to be harmonized and given effect, if it can be consistently done, and that, unless the rider is irreconcilable with the printed clause, such clause must stand.

It is evident that the provisions in the standard form against other insurance and rendering the policy void if other insurance is taken out are in conflict with the provisions of the rider granting the right to take out "other concurrent insurance." The former prohibits the right to take out other "concurrent insurance," and the latter expressly grants such right. Both provisions cannot stand. One must fall. Therefore it cannot be said that the rider is simply an addition to the standard form. Written clauses and riders properly indorsed on a standard policy will prevail over clauses printed in the policy that are in conflict with them. The policy being an instrument prepared by the insurer, all doubts or ambiguities must be resolved against him. The whole instrument must be considered and be so construed, as to give effect to the intention of the parties.

The rider in the case before us changed the inhibition in the standard form against other insurance from a prohibitive to a permissive provision, and the policy was modified so as to permit other concurrent insurance.

We hold that such a modification is clearly within the contemplation of the statute, and, where provisions in a rider properly signed and indorsed on a policy are in conflict with provisions in the standard form, the provisions of the former must prevail and operate as a comp.cle nullification of the latter.

It is urged in the brief of the counsel for the insurer that, although the insured had a right to enter into other insurance contracts, still he had no right to take insurance in excess of three-fourths the value of the property insured, and that having done so renders the policy void, and this brings us to the consideration of another question in this case. It will be observed that the clause operating to avoid the policy applied only in case the insured then had or should thereafter "make or procure any other contract of insurance whether valid or not." The avoiding clause was not carried into any of the provisions of the rider, and, when the provisions of the standard form were nullified by the provisions of the rider, those provisions rendering the policy void, if the nullification provisions were not complied with, no longer applied. It could not be retained in the policy so as to apply it here, and consequently hold that overinsurance worked a forfeiture under that clause in the policy.

This identical question was before the Supreme Court of the State of Texas in the case of Pa. Fire Ins. Co. v. Waggoner et al., 44 Tex. Civ. App. 144, 97 S. W. 541, wherein it is said:

"Again, the clause under consideration does not stipulate that an overvaluation shall operate as a forfeiture of the policy, and therefore not such a warranty as requires a literal compliance therewith. 'A warranty in an insurance contract is a statement made therein by the assured which is susceptible of no construction other than that the parties mutually intended that the policy should not be binding unless such statement be literally true.' Assurance Co. v. Manufacturing Co. [92 Tex. 297] 49 S. W. 222. In failing to provide for a forfeiture in case of overvaluation, it is evident that no warranty was intended, and this construction is borne out by the fact that in other clauses, in reference to an assignment of the policy before loss, incumbrance by mortgage, change of interest, title, etc., it is provided that 'this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void,' etc. Not being a warranty, and no great excess in overvaluation being shown, and fraud being absent, the policy cannot be avoided."

Under the language of the policy, we do not believe that the statement therein "total insurance shall at no time exceed three-fourths the value of the property described herein" is a warranty, but merely a representation. A warranty must be literally complied with and unimportant breach operates to defeat the contract; but if a representation partly fails but is true at the time made, or is complied with so far as is essential to the risk insured against, the policy remains in force. Taking the case before us as an example, at the time the last policies were issued, the total amount of insurance may not have been in excess of three-fourths the value of the property insured, and, at the time of the fire some months later, the stock of merchandise may have been reduced by sales until its value was so much less than the insurance carried as to increase the risk and to be an infringement of the policy regarding concurrent insurance, were it but a representation. On the other hand, the stock might have run somewhat below the required amount without increasing the risk.

Where a clause in a statutory standard fire insurance policy prohibiting other contracts of insurance and providing for its forfeiture in case of a violation has been modified by a clause permitting other insurance not to exceed three-fourths the value of each item of the property insured and not providing for a forfeiture in case of overinsurance, and it further provides that the insurer shall not be liable for more than its proportion of three-fourths the value of the property at the time of loss, held, that in the absence of a specific provision in the policy to that effect, overinsurance does not work a forfeiture of the policy.

We are aware that there are authorities which hold to the contrary of the views herein expressed, but those cases for the most part follow the rule laid down by the courts and text-writers with reference to policies issued upon property that has a fixed and determined value, without taking into consideration a risk upon property that is constantly changing and fluctuating in value. We believe the latter to be the better rule and more in consonance with reason and justice, and we refuse to follow those cases which adhere to a rule adverse to the views herein expressed.

The judgment of the lower court is, accordingly, affirmed.

By the Court: It is so ordered.