## CAMDEN FIRE INS. ASS'N v. ALTUS FARMERS CO-OPERATIVE GIN CO.

No. 15199—Opinion Filed May 26, 1925.

Rehearing Denied Sept. 22, 1925.

1. **Insurance—Action on Cotton Gin Fire Policy for Loss of Stock on Hand—Prima Facie Case.**

Where a cotton gin operator is carrying fire insurance under the "Uniform Standard Oklahoma Cotton Gin Form—Stock Only" character of insurance contract, authorized by the state insurance department, and sustains a loss by fire to stock on hand, the operator makes out a prima facie case authorizing recovery against the insurer when it is shown that the property damaged falls within the class of stock described in the contract.

2. **Same—Status of Gin Operator Carrying Part of Own Risk.**

The "Uniform Standard Oklahoma Cotton Gin Form—Stock Only" character of insurance contract, authorized by the state insurance department, leaves the matter optional with the gin operator whether he shall carry one or more such insurance contracts, or whether he shall carry his own risk on the stock, of value in excess of the amount named in the contract or contracts of insurance; and where the operator elects to carry part of the risk, he is in the situation of a coinsurer as to the part of the risk he elects to carry.

3. **Same—Apportionment of Loss.**

Where a cotton gin operator is carrying a fire insurance contract of the character referred to, in the sum of $1,500, and sustains loss and damage by fire, and at the time such loss and damage is sustained he has on hand stock of the classes described in the contract of a value in excess of $1,500, he is coinsurer upon the excess; and the actual loss is to be apportioned between the insurer and such coinsurer, each sustaining his proportionate share of the loss."

**4. Same—Policy—Validity and Effect of "Reduced Rate Contribution Clause."**

In the character of insurance contract referred to, the "reduced rate contribution clause" therein contained is a valid provision of the contract; and has the effect of allowing coinsurance; and also has the effect of reducing the amount of loss to be paid by the insurer to a proportionate part thereof where the value of stock on hand at the time of the loss is in excess of the amount of the insurance named in the contract.

**5. Same—Recovery not Sustained.**

Record examined, and held not to support the judgments of the trial court; and that the judgments should be reversed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Jackson County; J. M. Williams, Judge.

Actions by Altus Farmers Co-Operative Gin Company against Camden Fire Insurance Association. Judgment for plaintiff, and defendant appeals. Reversed.

G. B. Rittenhouse, F. A. Rittenhouse, P. T. McVay, and John F. Webster, for plaintiff in error.

E. E. Gore, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was defendant below, and the defendant in error was plaintiff. The parties will be referred to herein as plaintiff and defendant as they appeared in the trial court.

The plaintiff commenced its action in the county court of Jackson county, on the 19th of April, 1922, by filing two separate petitions against the defendant, for separate losses by fire, both actions being based upon a fire policy issued by defendant to the plaintiff. The causes were numbered in the trial court as 610 and 611. In case No. 610, it is alleged that the defendant, by its agent, S. E. Hickman, issued to plaintiff a fire policy in the sum of $1,500, for which premium had been paid; that on the 16th of September, 1921, a loss was sustained by fire, which damaged 11 bales of cotton belonging to plaintiff's customers and one bale of cotton belonging to plaintiff, all of the value of $1,320.78; that the bagging and ties and expense of salvaging the unburned portions of the bales of cotton amounted to $30; that, deducting the salvage, the actual loss sustained is $992.58; that the "reduced rate contribution clause" contained in the contract of insurance is void because in violation of the statutes providing for a standard form of policy of insurance, and further because it is without any consideration whatever. A copy of the fire policy is attached to the petition. Judgment is prayed for the actual loss sustained, the sum of $992.58. The contract of insurance is a standard form of policy, modified by a printed slip or rider thereon pasted and attached, which is designated "Uniform Standard Oklahoma Cotton Gin Form. Stock Only." This is followed by several paragraphs, two of which are involved here, as follows:

"$1,500. On cotton ginned and unginned, baled and unbaled, seed cotton, cotton seed, including sacks or packages containing same, and bagging and ties; their own, or held by them in trust, or on commission, or sold but not delivered, or being ginned, or handled for assured's own account, or for the account of others and for which the assured may be liable in case of loss; all only while contained in cotton houses or sheds, seed houses or sheds, and while passing through the cotton gin, and while in wagons on premises, or in gin yard on premises; and provided bill of lading has not been signed for same, this policy shall also cover such property in and on cars within two hundred feet of gin premises. * * *

"Reduced Rate Contribution Clause.

"In consideration of the rate at (and) or form under which this policy is written, it is expressly stipulated and made a condition of this contract, that this company shall be held liable for no greater proportion of any loss than the amount hereby insured bears to the actual cash value of the property described herein at the time when such loss shall happen; but if the total insurance upon such property exceeds the actual cash value at the time of such loss, then this company shall only be liable for the proportion which the sum hereby insured bears to such total insurance."

It is the second of the two paragraphs quoted which is attacked as being contrary to law and without consideration.

The second suit, No. 611 in the trial court, is upon the same contract of insurance, and the allegations are the same except that the fire occurred on the 12th of September, 1921, and two bales of cotton belonging to customers, of the value of $119.70 and $98.70, respectively, were damaged; that salvage was made, leaving an actual loss on the two bales of $121, for which judgment is prayed.

The defendant demurred to both petitions upon several grounds, not necessary to be set out here. The demurrers were overruled and thereafter the defendant answered both petitions. The answer in case No. 610 is by a general denial except that de-

fendant admits the contract of insurance was issued by it, and defendant denies that the plaintiff was liable to its customers for the cotton damaged by the fire, and for that reason, was not insured under the policy. It is alleged that the policy, including the slip or rider attached, was issued according to law, and that all the provisions thereof are effective; and specifically denies any liability. Some other matters are pleaded in the answer, not necessary to notice or set out. The answer in case No. 611 is to the same effect. The answers were replied to by general and specific denials. After the issues were drawn, the two cases were consolidated by agreement of the parties, for the purpose of trial and appeal; but separate judgments were to be rendered in the trial court.

The cause was tried to a jury, and upon plaintiff's announcement of rest, the defendant demurred to plaintiff's evidence, and the demurrers being overruled, the defendant rested, and moved for directed verdicts, which motions were also overruled. The plaintiff moved for a directed verdict in both cases; and the motions were sustained and the jury directed to return a verdict in case No. 610 for the sum of $992.58 and in case No. 611, for $121. Upon the directed verdicts separate judgments were entered. Motions for new trial were filed and overruled, and the causes are here for review.

The assignments of error are presented under two propositions:

"First: That there was no sufficient evidence of legal liability on the part of the defendant in error to its customers for the loss of the cotton in question, to bring the same within the provisions of the policy, and that by reason thereof the demurrer to the evidence interposed by the Camden Fire Insurance Association should have been sustained, and that likewise the motion for a directed verdict interposed by the defendant should also have been sustained.

"Second: That the court erred in instructing the jury that the plaintiff was entitled to recover the full amount of his damage without taking into consideration the provisions of the reduced rate contribution clause heretofore set out in full."

Under the first proposition it is contended that there was no evidence offered upon the part of the plaintiff, tending to show that it was legally liable for the customer's cotton which was destroyed. The evidence tends to show that the origin of the fire was probably due to some carelessness of plaintiff's employes in failing to keep the gin saws clean, and that a spark of fire was struck, which started the burning; also that

plaintiff admitted its liability and had paid its customers for the cotton at the market price. The rule seems to be that when the customer shows he delivered his cotton to the gin, and the gin company is unable to return it to him, or his order, the customer has made a prima facie case entitling him to recover the value of his cotton. The evidence was sufficient to make a prima facie showing of plaintiff's liability to its customers. It seems, however, that the plaintiff has made a prima facie case entitling it to a recovery against the insurer, when it shows that the property damaged was of the class or classes described in the insurance contract.

The second proposition presented involves a consideration of what the insurance contract means. The portions of the contract necessary for consideration are above quoted in stating the substance of the petition and exhibit attached, a copy of the insurance policy. The standard form of policy as fixed by statute is not, in terms, applicable in carrying insurance on cotton of customers of a gin company; hence, a sort of modification of the standard form is necessary. It seems that the insurance department has adopted and approved a form of contract applicable to the class of risk such as is presented by the plaintiff; and the modified form of insurance contract is embodied in the slip or rider pasted on and attached to the standard form used; and the modified form of contract seems to be the species of contract authorized by the insurance department. It is the authorized uniform standard Oklahoma cotton gin form, where cotton of customers and certain other property described may be insured. In the standard form of policy there are conditions set out which are inapplicable to this particular class of risk. To illustrate the point, under a condition of the standard form of policy, the insured must be the unconditional and sole owner; and under another condition the insured is not permitted to take out any other contract of insurance, unless otherwise provided in the contract. It is plain that the standard form would preclude carrying insurance on property which does not belong to the assured. But, in the case of a gin company and some other classes of business, it is desirable upon the part of the proprietor to carry insurance which will protect against loss of property belonging to customers while in charge of such proprietor. The insurance department has adopted a uniform, standard cotton gin form for the state, where stock only is insured, and such standard form is embraced in the slip or rider under consideration here. The insur-

ance department has also adopted a uniform rate of premium which may be charged and collected by the insurer where that character of contract is written. To this modified form of contract, the insured in this case looks to determine what class of property is insured, and also to determine what his rights are as against the insurer in case of a loss. But for the slip or rider attached to the contract, which, in fact, becomes the contract between the insured and the insurer, there would be no protection in case of destruction of the customer's cotton by fire. The plaintiff in this case finds a right to recover against the insurer for destruction of its customer's cotton in the first paragraph of this modified form of contract. But for the language there used, or other language to like effect, it would have no protection whatever against destruction of its customer's cotton by fire. In this case the plaintiff is compelled to rely, and does rely upon the said first paragraph of the slip or rider. The paragraph includes cotton, cotton seed, sacks and packages containing the same, and bagging and ties, which belong to plaintiff or held in trust by it, or on commission, or sold but not delivered, or handled for the plaintiff's own account, or for the account of others where the assured would be liable in case of loss; and while said property is in cotton houses or sheds, seed houses or sheds, and while passing through the gin or while in wagons on the premises or in the gin yard on the premises. The other paragraph quoted, marked "reduced rate contribution clause," contains an express stipulation limiting the insurer's liability to such proportion of the loss as the amount insured bears to the actual cash value of the property described in the first paragraph, on hand at the time the loss happens. So, although the policy is written for $1,500, liability thereon is limited to a certain proportionate part of the loss, that is, in determining the amount required to be paid by the insurer, the actual cash value of the property or stock of the classes named in the first paragraph, on hand at the time of the loss, is to be taken in consideration as well as the actual loss, and the part to be borne by the insurer shall be such proportion as the amount of the insurance named in the policy bears to the value of the property on hand of the classes named in the first paragraph. Also, the insured is not limited to one contract of insurance. In case the insurance carried covers the value of all the property described, then the loss shall be apportioned against the several contracts of insurance. This provision has the effect of making the insured coinsurer with the insurance company or companies, if the contract or contracts of insurance do not cover the value of all the property on hand, described in the first paragraph. The insured can either buy other insurance, or carry the risk himself, as he sees fit.

This modified form of insurance contract takes into consideration that no specific stock is insured. The property passing through the gin, the actual stock on hand one day, may not be there the next, but some other stock of similar character takes its place; and the amount and value may fluctuate from one day to another.

But the value of stock on hand at the time of the fire is essential in fixing the basis of an apportioning of the loss which each coinsurer is to pay or sustain. The first paragraph quoted provides the character of property which is covered by the insurance; and the second paragraph lays down the rule for determining the proportionate part of a given loss to be paid or sustained by each coinsurer. And in determining what each coinsurer shall pay or sustain, the rule is to be applied in this wise: Determine the amount of loss sustained; also determine the actual value of the classes of property described in the first paragraph referred to, on hand at the time the loss is sustained, and such actual value becomes the denominator, and the amount named in the policy of insurance becomes the numerator of the fraction; and the insurer is required to pay such fractional part of the loss. To illustrate, if the loss sustained is $1,000, and the actual value of the property of the classes named, on hand at the time of the fire, is $3,000, and the policy of insurance in the sum of $1,500 is being carried, the insurer is liable for 1500/3000 of the loss, or the sum of $500; and the coinsurer would be required to sustain the other half of the loss.

Plaintiff makes the contention here that the "reduced rate contribution clause" hereinbefore quoted, is void for two reasons: (1) There is no consideration for this part of the agreement; and (2) the slip or rider was not countersigned by the agent in his own proper handwriting, but the agent's name appears thereon written by a typewriter. These contentions cannot be maintained. The reduced rate contribution clause is a part of the contract itself, and is supported by the same consideration as paragraph one of the insurance contract, the paragraph or clause of the contract upon which the plaintiff must rely for recovery of loss and damage to cotton held for cus-

tomers. The reduced rate contribution clause is in no true sense a slip or rider appended to the insurance contract, but is itself a part of the contract of insurance. The second contention is without merit. The plaintiff looks to what is referred to as the rider for its right to recover. The paragraph or clause on which plaintiff relies, and the paragraph or clause attacked, are both on the same slip or rider. When it relies upon part of it, it must accept all of it. It seems unreasonable that it should accept the part which is favorable, and be permitted to repudiate the other parts which are unfavorable, no difference how the instrument is signed, or whether it has been signed at all. We think that where such rider or slip is attached and made a part of the original contract of insurance, it is not invalid as lacking consideration to support the conditions therein contained, nor is it invalid because countersigned by the agent with a typewriter. When the insurance contract is authorized by law and by the insurance department, and signed by the insurer's officers and countersigned by the agent, delivered by the insurer and accepted by the insured, it becomes binding upon both, even though the modification of the statutory form bears the name of the company and the name of the agent stamped thereon with a typewriter.

We come, now, to a consideration of the evidence adduced by the plaintiff, for the purpose of determining whether the directed verdicts and judgments entered thereon are supported by the evidence. The plaintiff introduced its fire policy. One of the conditions of the policy, as shown by the slip or rider attached, is that the assured shall keep a daily report of the kinds of stock described in the first paragraph or clause of the slip or rider, which came in and went out, so that it might be ascertained upon any particular day, how much stock was on the premises such as is described in the policy; and it is further provided that if such record is not kept the policy shall be void. The evidence discloses a loss, in one case, of $992.58, and in the other a loss of $121. The record kept of stock coming in and going out discloses that on the day the $992.58 loss was sustained, there was on hand stock of the value of $3,077.10; and on the day the $121 loss was sustained there was on hand stock of the value of $3,272.15. Then, in the first case the defendant company was insurer in the sum of $1,500; and the plaintiff was in the situation of a insurer in the sum of $1,577.10; and the $992.58 loss should be divided between them upon that basis. In the other case the defendant company was insurer in the sum of $1,500 and plaintiff was in the situation of a coinsurer in the sum of $1,772.15, and the loss of $121 should be divided between them on that basis.

The directed verdicts and the judgments entered thereon against the defendant, for the entire amount of the loss, are, therefore, erroneous, and are not in keeping with the insurance contract, and are not supported by the evidence.

There seems to be no case from our own court where this precise character of contract has been considered. The conclusions reached herein are supported by Springfield Fire & Marine Insurance Co. v. Dicky, 73 Okla. 57, 174 Pac. 235; Mills v. Scottish Union National Ins. Co. (Mo. App.) 68 S. W. 1066; Egan v. British & Foreign Marine Ins. Co. (Ill.) 61 N. E. 1081; Peninsular & O. S. S. Co. v. Atlantic Mut. Ins. Co., 185 Fed. 172; Hood Rubber Co. v. Atlantic Mut. Ins. Co. (C. C. A. 2nd Cir.) 170 Fed. 939; Simon v. Queen Ins. Co. (La.) 45 South. 396; Pennsylvania Fire Ins. Co. v. Moore (Tex. Civ. App.) 51 S. W. 878.

In the last case cited the Texas court said:

"The amount of the insurance is $900. By not permitting the value of the property insured to exceed the amount of the insurance, the entire loss is recoverable. If the whole property insured had not exceeded $900, the entire loss would be recoverable, under the provisions of the policy. The risk the insured carries, under the provisions of this policy, is increased in proportion as he increases the value of the property covered by the policy beyond the amount of the insurance, and the extent of the liability of the insurer is proportionately diminished. We know of no rule of law or public policy which prohibits an insurance company from limiting the risk it will carry. Its premiums, in great part, are regulated by the amount of risk."

The statements there made apply here. In our state the insurance department has prescribed a uniform basis on which to insure the classes of property involved here. In this instance the plaintiff bought $1,500 insurance, and had the plaintiff, on the day of the loss, only had $1,500 worth of the classes of property insured, on hand, it would be entitled to recover the entire loss; but, for any property above the amount of $1,500, the plaintiff was carrying the risk as a coinsurer; and the amount of coinsurance increases directly as the property increases above the amount of $1,500. The rate fixed for this class of insurance is somewhat less by reason of that peculiarity of

the contract; and it seems that the contract of insurance violates no statutory provision, nor does it do violence to any rule of public policy.

The judgments are not supported by the record. We recommend that the judgment of the trial court be reversed and the cause remanded to the county court of Jackson county with directions to set aside the judgments appealed from and to enter judgment for plaintiff in cause No. 610 in the sum of $483.58, and in cause No. 611 in the sum of $55.25 in accord with the rule announced for determining the amount of loss to be sustained by the insurer. The defendant in error should· be charged with the costs of the appeal.

By the Court: It is so ordered.

Note.—See under (1) 26 C. J. p. 538. (2) 26 C. J. p. 364 (1926 Anno). (3) 26 C. J. p. 362. (4) 26 C. J. p. 362.