Ray RUSH; Shellie Rush,
Plaintiffs–Appellants,
Cross–Appellees,

v.

The TRAVELERS INDEMNITY COMPANY, a corporation,
Defendant–Appellee, Cross–Appellant.

Nos. 88–2505, 88–2553.

United States Court of Appeals,
Tenth Circuit.

Dec. 8, 1989.

S. Daniel George, Sallisaw, Okl., for plaintiffs-appellants, cross-appellees.

R. Hayden Downie of Main & Downie, P.C., Tulsa, Okl., for defendant-appellee, cross-appellant.

Before McKAY, SEYMOUR and TACHA, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Ray Rush and Shellie Rush (plaintiffs) are Oklahoma residents insured under an automobile policy purchased from the Travelers Indemnity Company (defendant). The policy was issued and executed in Oklahoma and covered two vehicles. On July 24, 1986, one of the plaintiffs (Shellie Rush) was injured in a collision between her ve-

hicle and another vehicle in Arkansas. Plaintiffs filed this diversity action in the United States District Court for the Eastern District of Oklahoma alleging bad faith and also seeking to recover benefits under the uninsured motorist coverage included in the policy. Defendant did not dispute its liability under the policy, but it did rely on certain provisions of the policy to dispute the amount plaintiffs were entitled to recover.

On cross motions for summary judgment, the district court determined that the terms of the policy required application of Arkansas's minimum requirements for uninsured motorist coverage, as opposed to Oklahoma's, to establish the amount of defendant's liability. The district court further concluded that plaintiffs could not increase their recovery by "stacking" their uninsured motorist coverage as permitted by Oklahoma law. Finally, the district court rejected the bad faith claim. Both parties have appealed, with defendant challenging the district court's application of Arkansas's minimum requirements for uninsured motorist coverage and plaintiffs seeking review of the district court's refusal to permit stacking.

■ Resolution of this case turns on the interpretation of plaintiffs' insurance policy. The threshold question is what state's law governs the interpretation. It is well established that the conflict of laws rules of the forum state, Oklahoma, must be applied to determine the applicable law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 491, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under Oklahoma's conflict of laws rules, matters bearing upon the interpretation of an insurance policy are ordinarily determined by the law of the place where the policy was issued and executed. *See Rhody v. State Farm Mut. Ins. Co.,* 771 F.2d 1416, 1418–20 (10th Cir.1985). Since plaintiffs' insurance policy was issued and executed in Oklahoma, the law of Oklahoma governs its interpretation.

■ It is undisputed by the parties that, at the time of the accident, the required minimum uninsured motorist coverage for bodily injury or death of one person in one

accident was $25,000 under Arkansas law, *see* Ark.Stat.Ann. § 66–4003 (Supp.1985), and $10,000 under Oklahoma law, *see* Okla. Stat. tit. 36, § 3636 (1981). The district court's conclusion that plaintiffs were entitled to the higher minimum required under Arkansas law was premised on Paragraph 17 of the policy, which provides in pertinent part:

(a) The limit of liability for uninsured motorists to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declaration as applicable to "each accident" is the total limit of the company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident, *provided that if the minimum limits of liability for bodily injury designated in the financial responsibility law of the state in which the accident occurred are greater than the applicable limits stated in the declarations, the limit of the company's liability under Coverage D with respect to such accident shall be such limits set forth in such law.*

(Emphasis added.)

Defendant has argued before the district court and on appeal that an endorsement in the policy "replaces" Paragraph 17 and requires application of Oklahoma's minimum requirement. This endorsement provides in pertinent part:

1. UNINSURED MOTORISTS COVERAGE

(Damages for Bodily Injury Caused by Uninsured Highway Vehicles)

The company will pay in accordance with Title 36 Oklahoma Statutes all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the in-

sured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration. No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless the insured has given the company adequate notice of the filing and pendency of the action by the insured against the uninsured motorist.

Under Oklahoma law, an insurance policy and its endorsement should be construed harmoniously to give effect to each, *see Springfield Fire & Marine Insurance Co. v. Dickey,* 174 P. 235, 238 (Okla.1918), but when an endorsement conflicts with the general provisions of an insurance policy, the endorsement will prevail and the policy will be effective as altered by the endorsement, *see Timmons v. Royal Globe Insurance Co.,* 653 P.2d 907, 913 (Okla.1982). Given the unambiguous language in the endorsement and Paragraph 17, we see no conflict between the two. The endorsement simply indicates that the policy will provide uninsured motorist coverage in accordance with the mandatory requirements of the Oklahoma uninsured motorist statute. *See* Okla.Stat.Ann. tit. 36, § 3636. Indeed, any provision in the insurance policy which would have purported to limit or dilute the provisions of the uninsured motorist statute would have been void and unenforceable. *Brown v. United Servs. Auto. Ass'n,* 684 P.2d 1195, 1198 (Okla. 1984). Paragraph 17, on the other hand, simply states that defendant's liability will be greater if, as in this case, the minimum requirements for uninsured motorist coverage in the state of the accident are greater than the requirements under Oklahoma law. Both provisions can be read cooperatively. Consequently, the district court's decision to give effect to Paragraph 17 was correct.

While we agree with the district court regarding plaintiffs' entitlement to the $25,000 minimum coverage required under Arkansas law, we disagree with the district court's conclusion that plaintiffs may not increase that amount by stacking their uninsured motorist coverage. Stacking, as provided for under Oklahoma law, permits the total amount of uninsured motorist coverage allowed for all vehicles listed in an insurance policy to be applied to the damages resulting from an accident involving only one of the vehicles. *Rhody*, 771 F.2d at 1418. Plaintiffs argued to the district court that, although Paragraph 17 references Arkansas law to assign a dollar amount to their uninsured motorist coverage, Oklahoma law governs the interpretation of their policy as a whole and, therefore, under Oklahoma law they should be permitted to stack the uninsured coverage and recover $50,000, the total amount of coverage provided for the two vehicles listed in their policy. The district court disagreed, holding that Paragraph 17, aside from incorporating Arkansas's $25,000 minimum coverage, also served to require interpretation of the policy as a whole under Arkansas law, which, it was presumed, did not provide for stacking.

Without addressing whether or not Arkansas law makes any provision for stacking, we conclude that the district court's determination was erroneous because in order for Paragraph 17 to require application of law other than Oklahoma's to interpret the policy as a whole and determine the proceeds of plaintiffs' uninsured motorist coverage, it must constitute a *"specific manifestation* of [the parties'] intent to be bound by the [uninsured motorist] laws of a particular jurisdiction." *Id.* at 1420. We are not persuaded that Paragraph 17 is such an explicit designation of governing law. Paragraph 17 says nothing about the laws of any jurisdiction governing interpretation of the uninsured motorist provisions or the policy as a whole. Instead, it simply provides a mechanical means for assigning a dollar amount to a specific term in the policy. Similarly, we find no indication, express or implied, in any other portions of the record that the parties intended to be bound by the laws of a particular jurisdiction. Therefore, the law of Oklahoma, including its provisions for stacking, applies to determine defendant's liability to plaintiffs.

Accordingly, the judgment of the district court is VACATED, and the case is REMANDED with directions to enter judgment in plaintiffs' favor in the amount of $50,000.